## NEWLIN v. CARBON STEEL CO.

(Supreme Court, Appellate Term. June 5, 1908.)

ATTORNEY AND CLIENT—COMPENSATION—NECESSITY OF CONTRACT OF EMPLOYMENT.

Defendant had paid a tax levied against it, and consulted with plaintiff, a lawyer, regarding the recovery of the tax, and plaintiff explained the proceedings necessary to recover it, which method was in fact the only way to recover the tax, and stated he would charge one-fourth thereof for

its recovery, which defendant claimed was too much, and thereafter employed another lawyer, who recovered the tax. Plaintiff claims that defendant followed the method indicated by him to recover it, and sues for compensation for advice given as to the proper method of recovering it. *Held* that, before a lawyer can recover for his services, there must be either a definite contract of employment, or he must perform services which must be accepted by his client, and, defendant having rejected plaintiff's services and employed another lawyer, plaintiff was not entitled to recover any compensation.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James W. M. Newlin against the Carbon Steel Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

McCurdy & Yard (John Yard, of counsel), for appellant.
Abr. A. Silberberg, for respondent.

PER CURIAM. This is an appeal taken by defendant from a judgment rendered against it. This action was brought to recover $291.66 for legal services alleged to have been rendered by plaintiff, and the plaintiff had a judgment for this amount, with costs. Plaintiff recovered upon a quantum meruit. The case was rested by both plaintiff and defendant on the testimony of the plaintiff, taken by deposition. The defendant raised the point that plaintiff was never employed by defendant.

The defendant had paid a tax in the state of Pennsylvania. The plaintiff testified that he talked with the officers of defendant in respect to the repayment of this tax, and that he explained to them what steps would have to be taken to get the tax back, what papers would have to be executed, etc. He was then asked what he would charge as a fee for getting the money back, and plaintiff replied that he would charge one-fourth of the recovery. Defendant's officers answered that that was too much, and at the time nothing further was said and nothing definite was done. He again talked to the officers on subsequent occasions; but plaintiff testified that they were indifferent about it, and subsequently he ascertained that the defendant had followed the method indicated by plaintiff and had collected the money. Plaintiff claims that because the defendant followed the method indicated by him, and which undoubtedly was the only method to recover back the tax, he should have a recovery against the defendant. Before a lawyer can recover for his services there must be either a definite contract of employment, or he must actually perform the services, and this performance must be accepted by the person he seeks to charge. In this case plaintiff made an offer of his services and demanded a fee. His services were rejected and another lawyer employed. The motion of the defendant to dismiss on the ground that no cause of action had been established against the defendant should have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.